IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

STATE OF GEORGIA,           :
                            :
    Plaintiff,              :
                            :
v.                          :    Civil Action No.
                            :    5:07-CV-471-HL
LEMROYAL JAMES II,          :
                            :
    Defendant.              :
                            :

# ORDER

Before the Court is Defendant's notice of removal (Doc. 1). Defendant seeks to remove to this Court a criminal prosecution pending against him in Bibb County State Court for criminal trespass and obstruction of a law enforcement officer. These charges arise out of an incident that occurred in November 2007 when Defendant attempted to enter the Bibb County Courthouse while wearing a hat displaying a marijuana leaf logo. The police officers at the courthouse's security checkpoint requested that Defendant remove his hat and Defendant refused. The officers then told Defendant to leave the courthouse, and Defendant again refused. Defendant was then arrested and charged with criminal trespass and obstruction of a law enforcement officer. On December 13, 2007, Defendant filed a notice of removal pursuant to 28 U.S.C. § 1443 requesting that his criminal prosecution on these charges be removed to federal court.

Under 28 U.S.C. § 1443, criminal defendants are entitled to remove their state

criminal cases to federal court under very limited circumstances. The text of § 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In Georgia v. Rachel, 384 U.S. 780 (1966), the Supreme Court held that a case can be properly removed under § 1443 if the notice of removal satisfies a two-prong test. 384 U.S. at 792, 799, 803. "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial quality.'" Alabama v. Conley, 245 F.2d 1292, 1295 (11th Cir. 2001) (citing Rachel, 384 U.S. at 792.) "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." Id. (citing Rachel, 384 U.S. at 794).

Here, Defendant has failed to satisfy the first prong of the Rachel test. Under the first

2

prong, "[t]he phase 'any law providing for...equal civil rights' refers to laws 'providing for specific civil rights stated in terms of racial quality,' and does not include rights of 'general application available to all persons or citizens.'" Id. (quoting Rachel, 384 U.S. at 792). Defendant alleges in his notice of removal that his criminal prosecution violates his rights under the Due Process Clause, the Equal Protection Clause, and the First Amendment. These rights, however, do not arise from federal laws providing for specific civil rights in terms of racial equality; instead, they are rights that are available to all persons or citizens. See Rachel, 384 U.S. at 792 ("[D]efendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."); Conley, 245 F.3d at 1295-96 (holding that a defendant's "broad assertions" under the Equal Protection Clause are insufficient to support a valid claim for removal under § 1443). As a result, Defendant's removal petition does not satisfy the first prong of the Rachel test, and therefore, Defendant's case is not removable under § 1443.[1] Accordingly, this case is remanded to Bibb County State Court.

**SO ORDERED**, this the 17th day of December, 2007.

_____

---

[1] Because Defendant has failed to satisfy the first prong of the Rachel test, this Court need not address the test's second prong.

**HUGH LAWSON, JUDGE**

dhc